BERTHA GASSIE MCDONALD, TRANSFEREE, ET AL.,[1] PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 76938–76943. Filed September 20, 1961.

*Byron R. Kantrow, Esq.*, for the petitioners.
*S. George Voss, Esq.*, for the respondent.

### OPINION.

FISHER, *Judge:* Respondent determined a deficiency of $13,863.66 in income taxes against petitioners as transferees of assets of The Oaks, Incorporated, In Liquidation (hereinafter referred to as the corporation).

The sole practical issue before us is whether certain State income taxes arising out of and allocable to gains from the sale of real estate, with respect to which the corporation was entitled to nonrecognition of gains under the Federal income tax laws, were applicable to a class of income wholly exempt from the taxes imposed by subtitle A of the Code of 1954.

All of the facts are stipulated and are incorporated herein by reference.

Petitioners, Bertha Gassie McDonald, Charles G. McDonald, Robert A. Warren, Connie E. Bobbitt, Ida Lee Key, and Sue Warren Whitehead, filed their 1956 individual income tax returns with the director

---

[1] Proceedings of the following petitioners are consolidated herewith: Charles G. McDonald, Transferee, Docket No. 76939; Robert A. Warren, Transferee, Docket No. 76940; Connie E. Bobbitt, Transferee, Docket No. 76941; Ida Lee Key, Transferee, Docket No. 76942; and Sue Warren Whitehead, Transferee, Docket No. 76943.

of internal revenue at New Orleans, Louisiana. Notices of liability were mailed to each of the petitioners on June 30, 1958.

The deficiency of $13,863.66 of income taxes, as determined by the respondent, is the petitioner's alleged liability as the transferees of assets of the corporation, the address of which was 232 South Jefferson Street, Port Allen, Louisiana, for the alleged deficiency of income tax in the amount of $13,863.66 due from The Oaks, Incorporated, In Liquidation, for the taxable year January 1, 1956, to October 18, 1956. On September 26, 1958, the deficiency of $13,863.66 was assessed against the corporation, which said assessment, together with interest, is wholly outstanding and unpaid.

The shareholders of the corporation were as follows: Sue Warren Whitehead, Robert A. Warren, Connie E. Bobbitt, Ida Lee Key, Bertha Gassie McDonald, and Charles G. McDonald. Each of these shareholders as transferees have filed petitions to this Court contesting the deficiency determined by the respondent.

The corporation was incorporated under the laws of the State of Louisiana on November 20, 1924. To the date of liquidation it was engaged in the business of developing, renting, and selling real estate. It filed its final corporate income tax return for the period January 1, 1956, to October 18, 1956, on November 30, 1956, with the district director of internal revenue, New Orleans, Louisiana.

On December 17, 1955, at a special meeting of the stockholders, a plan of complete liquidation was adopted. Unanimous consent of the stockholders was filed October 11, 1956.

On October 18, 1956, all of the assets of the corporation were distributed proratably among the shareholders in exchange for their outstanding shares of capital stock. The assets of the corporation were distributed in accordance with the schedule entitled "The Oaks, Incorporated, In Liquidation, Distribution of the Assets in Exchange For Stock of Shareholders Per Act of Liquidation and Settlement" attached to the corporation's final return. The fair market value set forth in this schedule was determined by an appraisal made by a local realtor, and represents the true fair market value of said assets.

On October 12, 1956, in one transaction, the corporation sold 882 acres of land, known as Oaks Plantation, to Port Properties, Incorporated, for $926,100. Port Properties, Incorporated, was in no way related to the corporation, nor to the petitioners herein. The gain on the sale amounted to $852,998.50 and was reported by the corporation as a nonrecognized gain under section 337(a) of the Code of 1954.

On its final return the corporation deducted $35,664, representing State income taxes due on its income for the period January 1, 1956, to October 18, 1956. Of this amount $34,119.94 is attributable to the nonrecognized gain on the sale of land to Port Properties, Incor-

porated, described above. The respondent determined that the corporation is not entitled to a deduction for State income taxes of $34,119.94 attributable to the nonrecognized gain on the sale of land to Port Properties, Incorporated. The petitioners, as transferees, admit they are liable for any income taxes which might be due from The Oaks, Incorporated, In Liquidation.

After the distribution on October 18, 1956, to its shareholders of all assets, the corporation was insolvent and without assets of any kind.

Since we find for petitioners on their main contention, it is unnecessary to consider their alternative proposal.

The problem for solution reduces itself to the limited question of whether the gains nonrecognized (for Federal income tax purposes) from the sale of property to which the Louisiana State tax is allocable, represent a class of income wholly exempt from Federal income taxes within the meaning of section 265.[2] All other material factors are stipulated or uncontroverted, including the fact that the corporation was entitled to nonrecognition of gain under section 337(a).

The limited issue in controversy is identical in principle, as to both facts and law, with the final issue (decided in favor of the taxpayer) considered by the Court of Appeals for the Ninth Circuit in *Hawaiian Trust Company Limited* v. *United States*, 291 F. 2d 761 (1961). The identity of the issue was recognized by respondent on brief, although he was addressing himself to the decision of the lower court, reported at 178 F. Supp. 637 (1959). The opinion of the Court of Appeals was not filed until after respondent's briefs.

The opinion of the Court of Appeals accepted the principles set forth in our opinion in *Cotton States Fertilizer Co.*, 28 T.C. 1169, 1171–1173 (1957), in distinguishing between "nonrecognized gains" and "wholly exempt income," although recognizing that the factual situation differed.

Our careful review of *Hawaiian Trust Company Limited* and *Cotton States Fertilizer Co.*, both *supra*, convinces us that the principles announced and the reasoning upon which they were based are properly applicable to the instant case, and since we fully agree with

---

[2] SEC. 265. EXPENSES AND INTEREST RELATING TO TAX-EXEMPT INCOME.

No deduction shall be allowed for—

(1) EXPENSES.—Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is received or accrued) wholly exempt from the taxes imposed by this subtitle, or any amount otherwise allowable under section 212 (relating to expenses for production of income) which is allocable to interest (whether or not any amount of such interest is received or accrued) wholly exempt from the taxes imposed by this subtitle.

(2) INTEREST.—Interest on indebtedness incurred or continued to purchase or carry obligations (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest on which is wholly exempt from the taxes imposed by this subtitle.

them, we accept them as here controlling to the effect that such gains are not a class of income wholly exempt from the taxes imposed by subtitle A of the code within the meaning of section 265.

Cases relied upon by respondent such as *James F. Curtis*, 3 T.C. 648 (1944), and *George W. P. Heffelfinger*, 5 T.C. 985 (1945) are clearly distinguishable on their facts.

In the light of our reference to *Hawaiian Trust Company Limited*, *supra*, we do not think it worthwhile to extend our discussion further, since anything we might add would be merely a quotation or paraphrase of the very thoroughly considered opinion of the Court of Appeals in that case.

Accordingly, we hold that the State taxes in controversy are deductible as claimed by petitioners.

*Decisions will be entered under Rule 50.*