Universal Leaf Tobacco Company, Inc. v. Commissioner.
Universal Leaf Tobacco Co. v. Commissioner
Docket No. 93748.
United States Tax Court
T.C. Memo 1962-180; 1962 Tax Ct. Memo LEXIS 131; 21 T.C.M. (CCH) 992; T.C.M. (RIA) 62180; July 26, 1962
*131 During 1958 petitioner liquidated its wholly owned subsidiary, on which liquidation no gain or loss was recognized under section 332(a), I.R.C. 1954, [1] for Federal income tax purposes. The gain, however, was recognized by the Commonwealth of Virginia and, during the taxable year 1959, petitioner paid an income tax to Virginia on the gain so recognized and claimed a deduction for the amount paid under section 164. Respondent disallowed the claimed deduction under section 265(1). Held, the gain from the liquidation was not income "wholly exempt from the taxes imposed" by subtitle A as that phrase is used in section 265(1), and petitioner is therefore entitled to deduct, under section 164, the taxes it paid to Virginia. Bertha Gassie McDonald, 36 T.C. 1108, followed. Frank W. Hardy, Esq., for the petitioner. Charles S. Casazza, Esq., for the respondent. ARUNDELL
Memorandum Opinion ARUNDELL, Judge: Respondent determined a deficiency in income tax for the calendar year 1959 in the amount of $61,260.89. The only issue is whether petitioner is entitled, in computing its taxable income for the calendar year 1959, to deduct, under section 164, income taxes paid to the Commonwealth of Virginia with respect *133 to income from a liquidating dividend received by petitioner upon liquidation of its wholly owned subsidiary when gain on such liquidating dividend is not recognized for Federal income tax purposes pursuant to section 332(a). [2]
The parties are in agreement on the facts. During petitioner's calendar year 1958, the Eastern Leaf Tobacco Company, Inc., a wholly owned subsidiary of the petitioner, was liquidated in accordance with section 332. In accordance with the provisions of section 332(a), no gain or loss was recognized by petitioner on receipt of the liquidating dividend. During the calendar year 1959 petitioner was required to and did pay additional income tax of $117,825.13 to the Commonwealth of Virginia on the liquidating dividend which it had received from its wholly owned subsidiary. In Schedule B of its income tax return filed for the calendar year 1959, *134 petitioner deducted the income taxes which it paid to Virginia in the amount of $117,825.13. The respondent disallowed the deduction claimed by petitioner and, in a statement attached to the deficiency notice, explained his disallowance thus: (a) The deduction of $117,825.13 claimed for state income tax paid for prior years was for additional tax assessed in respect of a liquidating dividend received from your wholly owned subsidiary, Eastern Leaf Tobacco Company, Incorporated. This dividend was not subject to income tax under the provisions of section 332 of the Internal Revenue Code. It is held that this income tax is an expense allocable to tax-exempt income, and, therefore, not an allowable deduction as provided in section 265(1) of the Internal Revenue Code. Section 265 provides in part as follows: No deduction shall be allowed for - (1) Expenses. - Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is *135 received or accrued) wholly exempt from the taxes imposed by this subtitle * * *. [Italics supplied.] Petitioner contends: (1) That nonrecognized gains under section 332 are not income "wholly exempt" under section 265; and (2) that the income taxes paid to Virginia are not "expenses" within the meaning of section 265(1). In view of our holding under (1), hereinafter discussed, it will not be necessary to consider petitioner's contention under (2). Assuming that the taxes paid to Virginia in the amount of $117,825.13 are allocable to the nonrecognized gain received by petitioner from the liquidation of its subsidiary, the issue is narrowed to whether such income is "wholly exempt from the taxes imposed" by subtitle A as that phrase is used in section 265(1). It is settled law that nonrecognized gain is not income wholly exempt from taxation. Cotton States Fertilizer Co., 28 T.C. 1169; Hawaiian Trust Company Limited v. United States, 291 F. 2d 761, 770 (C.A. 9, 1961); Bertha Gassie McDonald, 36 T.C. 1108 (on appeal to C.A. 5). In Hawaiian Trust *136 Company Limited, the Ninth Circuit, among other things, said: There is a valid distinction between "wholly exempt" income and income on which "no gain or loss is recognized." Wholly exempt income is never taxed. Nonrecognized gains are not taxed in the particular transaction that qualifies for nonrecognition treatment. They may be taxed, however, if the transaction fails to meet the nonrecognition requirements and may also be taxed at another time. In other words, they are not "wholly exempt" from the tax. The respondent in his brief concedes that the three cases mentioned above all hold that the particular nonrecognized gains there involved were held not to be exempt income. He contends, however, that the Hawaiian and McDonald cases were decided erroneously and that the Fertilizer case is distinguishable. We do not agree with this contention. The Hawaiian and McDonald cases are on all fours with the instant case with the exception that the gains in those cases were not recognized by reason of section 337 whereas the gain in the instant case is not recognized by reason of section 332. We do not think this difference is material in principle. In the McDonald case, we said: *137 Our careful review of Hawaiian Trust Company Limited and Cotton States Fertilizer Co., both supra, convinces us that the principles announced and the reasoning upon which they were based are properly applicable to the instant case, and since we fully agree with them, we accept them as here controlling to the effect that such gains are not a class of income wholly exempt from the taxes imposed by subtitle A of the code within the meaning of section 265. We hold petitioner is entitled, under section 164, to deduct in 1959 the taxes it paid to the Commonwealth of Virginia. Decision will be entered for the petitioner. Footnotes
1. All cited sections refer to the Internal Revenue Code of 1954 unless otherwise noted.↩
2. SEC. 332. COMPLETE LIQUIDATIONS OF SUBSIDIARIES. (a) General Rule. - No gain or loss shall be recognized on the receipt by a corporation of property distributed in complete liquidation of another corporation.↩