COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

UNIVERSAL LEAF TOBACCO COMPANY, Inc., Respondent.

No. 8901.

United States Court of Appeals
Fourth Circuit.

Argued April 5, 1963.

Decided June 3, 1963.

Karl Schmeidler, Attorney, Department of Justice (Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson and I. Henry Kutz, Attorneys, Department of Justice, on brief), for petitioner.

Frank W. Hardy, Richmond, Va. (James Mullen, and Williams, Mullen & Christian, Richmond, Va., on brief), for respondent.

Before BRYAN and BELL, Circuit Judges, and HARRY E. WATKINS, District Judge.

ALBERT V. BRYAN, Circuit Judge.

The Tax Court, on the petition of Universal Leaf Tobacco Company, Inc. for a redetermination of a deficiency assessment, answered[1] in favor of the taxpayer the question now before this Court and accurately posed by the Tax Court as follows:

"The only issue is whether petitioner is entitled, in computing its taxable income for the calendar year 1959, to deduct, under section 164[2], income taxes paid to the Commonwealth of Virginia with respect to income from liquidating dividend received by petitioner upon liquidation of its wholly owned subsidiary when gain on such liquidating dividend is not recognized for Federal income tax purposes pursuant to section 332 (a)[3]."

On this appeal of the Commissioner of Internal Revenue, we agree that the deduction was allowable, and we sustain the redetermination of the Tax Court cancelling the deficiency.

Sec. 164, as here pertinent, provides that " * * * there shall be allowed as a deduction taxes paid or accrued within the taxable year", and sec. 332, on the present point, reads: "(a) *General rule.* —No gain or loss shall be recognized on the receipt by a corporation of property distributed in complete liquidation of another corporation."

Unquestioned, these are the facts. In 1958 Universal completely liquidated its wholly owned subsidiary in strict compliance with § 332. As a consequence, no gain or loss was recognized to Universal upon distribution to it of the subsidiary's property. However, in 1959 Virginia taxed this distribution as a liquidating dividend. The Virginia taxes were then taken by Universal, in its 1959 Federal return, as a deduction from its income remaining after exclusion of the dividend.

The deduction was disallowed by the Commissioner on the ground that the State tax was "an expense allocable to tax-exempt income, and, therefore, not an allowable deduction" by virtue of this provision of § 265:

"*No deduction* shall be allowed for —(1) *Expenses.*—Any amount oth-

1. T.C. Memo. 1962-180.

2. 26 U.S.C. § 164.

3. 26 U.S.C. § 332(a).

erwise allowable as a deduction which is allocable to one or more classes of income * * * *wholly exempt* from the taxes imposed by this subtitle, * * *." (Accent added.)

His position, in brief, was that as the liquidating dividend was not taxable, State taxes attributable solely to it could not under § 265 be deducted from the non-exempt income of Universal.

For this contention the Commissioner equates non-recognized gain with "wholly exempt" income. This we think he does not justify. To begin with, the two categories have been referred to in the Tax Code with obvious distinguishment. Presumably, the Congress in § 332 advisedly used the description of not "recognized" instead of "exempt". Whenever intending to grant an exemption, the Congress has had no difficulty in doing so and quite unequivocally. E. g., § 892, 26 U.S.C. § 892 (income of foreign governments); § 894, 26 U.S.C. § 894 (income exempt under treaty); § 912, 26 U.S.C. § 912 (exemption for certain allowances). Here it refrained from classifying the instant dividend as "exempt". On the contrary it explicitly and positively declared the gain not "recognized", thus withdrawing the distribution from the purview of § 265.

Tax statutes are drawn to speak with precision. They are highly technical, and we have no clear warrant presently to say that one term in the tax law is the equivalent of another. Here, incidentally, "exempt" seemingly would not describe an item not "recognized" under § 332, for this section treats of loss as well as gain, and loss is not ordinarily spoken of as "exempt".

One reason for the difference in terms, it seems to us, is found in the predominant aim of § 332. The intendment is not to tax a gain or observe a loss when either is not economically real-

ized.[4] This is the result when a corporation is dealing with its own subsidiary. This Congressional purpose was achievable by merely declaring the distribution not recognizable at this stage as income or loss, without the necessity of going further and declaring it exempt. At a later stage the gain or loss might well become "recognized" as income or loss, and thus enter into the computation of taxes. The Congress may have thought that if the dividend were declared "exempt" at the first stage, the designation might have an unforeseeable and unintended effect in subsequent tax accountings.

At all events we think § 332 is to be construed with § 265 in the same manner as § 337 has been authoritatively read with § 265. Sections 332 and 337 have a common object[5].

The latter's apposite terms are these:

"(a) *General rule.*—If—

"(1) a corporation adopts a plan of complete liquidation * * *, and

"(2) within the 12-month period beginning on the date of the adoption of such plan, all of the assets of the corporation are distributed in complete liquidation, less assets retained to meet claims,

"then no gain or loss shall be recognized to such corporation from the sale or exchange by it of property within such 12-month period."

In Hawaiian Trust Company Limited v. United States, 291 F.2d 761, p. 773 (9 Cir., 1961), the Court said, that § 265 did not prevent the deduction from non-exempt income of State taxes in circumstances like those here:

"There is a valid distinction between 'wholly exempt' income and income on which 'no gain or loss is recognized'. Wholly exempt income is never taxed. Nonrecognized gains are not taxed in the particular trans-

---

4. H.Rep. No. 1337, 83d Cong. 2d Sess. (1954) in 1954 U.S.Code Cong. & Ad. News at p. 4063.

5. For the legislative history of these sections see 1954 U.S.Code Cong. & Ad. News pp. 4063, 4238–48, 4678–81, 4892–93, 4896–97.

action that qualifies for nonrecognition treatment. They may be taxed, however, if the transaction * * * may also be taxed at another time. In other words, they are not 'wholly exempt' from the tax."

This logic is applicable to a § 332 dividend. We affirm the Tax Court. The taxpayer's second contention need not be decided: that the State taxes are deductible qua taxes under § 164 even if they are not deductible as "expenses" under § 265.

Affirmed.