COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

Bertha Gassie McDONALD, Transferee, Charles G. McDonald, Transferee, Robert A. Warren, Transferee, Connie E. Bobbitt, Transferee, Ida Lee Key, Transferee, and Sue Warren Whitehead, Transferee, Respondents.

No. 19964.

United States Court of Appeals
Fifth Circuit.
July 3, 1963.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Crane C. Hauser, Chief Counsel, I. R. S., John M. Morawski, I. Henry Kutz, and Karl Schmeidler, Attys., Dept. of Justice, Washington, D. C., for petitioner.

Byron R. Kantrow and Kantrow, Spaht & Kleinpeter, Baton Rouge, La., for respondents.

Before TUTTLE, Chief Judge, and RIVES and MOORE,* Circuit Judges.

MOORE, Circuit Judge.

This is a petition by the Commissioner for review of a Tax Court decision, reported at 36 T.C. 1108, holding that the corporate taxpayer was entitled to a deduction in computing its taxable income for the period of January 1, 1956 to October 18, 1956, for Louisiana state income taxes paid on the gain from a sale of land when such gain was not recognized for federal income tax purposes because of Section 337(a) of the Internal Revenue Code of 1954.[1] The relevant facts were stipulated by the parties and may be briefly summarized.

The Oaks, Incorporated,[2] a Louisiana corporation, was engaged in the business

---

* Of the Second Circuit, sitting by designation.

1. § 337. "Gain or loss on sales or exchanges in connection with certain liquidations.

"(a) General Rule.—If—

"(1) a corporation adopts a plan of complete liquidation on or after June 22, 1954, and

"(2) within the 12-month period beginning on the date of the adoption of such plan, all of the assets of the corporation are distributed in complete liquidation, less assets retained to meet claims,

then no gain or loss shall be recognized to such corporation from the sale or exchange by it of property within such 12-month period."

2. The taxpayers here were the shareholders and transferees of the corporation and have admitted liability for any income taxes that are found to be due from the corporation.

of developing, renting and selling real estate. On December 17, 1955, a plan of complete liquidation was adopted at a special meeting of the stockholders and the unanimous consent of the stockholders was filed on October 11, 1956. On October 12, 1956, the corporation sold 882 acres of land, known as Oaks Plantation, for $926,100. The gain on this sale amounted to $852,998.50 and was reported by the corporation as nonrecognizable under section 337(a). On October 18, 1956, all of the assets of the corporation were distributed proratably to the shareholders in exchange for the outstanding shares of capital stock held by the shareholders. After this distribution the corporation was without assets of any kind.

On its final federal income tax return filed for the period in question, the corporation deducted $35,664, representing Louisiana state income taxes due on its income for this period. Of this amount, $34,119.94 was attributable to the gain on the sale of land described above. The Commissioner, applying section 265(1) of the 1954 Code [3] which denies a deduction for expenses allocable to income wholly exempt from federal taxation, disallowed that portion of the state income taxes which was attributable to the nonrecognized gain and determined a deficiency of $13,863.66. The Tax Court, relying on the Ninth Circuit decision in Hawaiian Trust Co. v. United States, 291 F.2d 761 (1961), held that the state taxes were deductible on the ground that nonrecognized gains under section 337 are not wholly exempt income within the meaning of section 265(1). We agree and affirm the decision of the Tax Court.

In Hawaiian Trust, the court reasoned that the purpose of section 265 is to prevent the taking of deductions that are attributable to income which is never to be taxed. Since section 337 does not exempt any gain from the tax but only relieves the gain from double taxation, section 265 does not apply. The Commissioner urges that the Hawaiian Trust case is erroneous and should not be followed by this court. He contends that that decision rests on the unsound premise that there is a difference between expressly excluding an item from income and saying that a gain shall be nonrecognized even though never thereafter to be recognized. He claims that in both cases the gain is wholly exempt; that the purpose of section 265 is to prevent the allowance of deductions allocable to income free or released of taxes; and that since the realized gain is never included in the corporation's income, the statute does not intend that the corporation should be allowed to reduce its taxable income by deducting an expenditure directly related to its non-taxable income.

■ Section 265(1) of the 1954 Code provides in relevant part that no deduction shall be allowed for any amount otherwise allowable as a deduction which is allocable to one or more classes of income wholly exempt from federal income tax. This section was added to the Code, first in 1934,[4] to prevent a taxpayer from obtaining a double advantage by offsetting taxable income by expenses allocable both to taxable and to tax-free income. See Curtis v. Commissioner, 3 T.C. 648 (1944); Lewis v. Commissioner, 47 F.2d 32 (3d Cir. 1931). The question before us is whether gain realized by a corporation from the sale or exchange of property pursuant to a plan of complete liquidation and not recognized by virtue of section 337 is wholly exempt from the

---

3. § 265. Expenses and interest relating to tax-exempt income

"No deduction shall be allowed for—

"(1) *Expenses.*—Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is received or accrued) wholly exempt from the taxes imposed by this

subtitle, or any amount otherwise allowable under section 212 (relating to expenses for production of income) which is allocable to interest (whether or not any amount of such interest is received or accrued) wholly exempt from the taxes imposed by this subtitle."

4. Section 24(a) (5) of the Revenue Act of 1934, 48 Stat. 680.

income tax within the meaning of section 265.[5]

As has been often recognized, section 337 was adopted to eliminate the double taxation which results when a corporation sells its assets at a profit and then liquidates, there being one tax imposed on the corporation and another on the stockholders who surrender their stock for assets in a complete liquidation. The decisiveness attributed to formalities by the Supreme Court decisions in Commissioner v. Court Holding Co., 324 U.S. 331, 65 S.Ct. 707, 89 L.Ed. 981 (1945) and United States v. Cumberland Public Service Co., 338 U.S. 451, 70 S.Ct. 280, 94 L.Ed. 251 (1950), prompted the Congress to provide a certain path by which this double taxation could be avoided. Section 337 in effect says that the gain on the sale of assets by the corporation will not be recognized to the corporation if the corporation, having resolved to liquidate, sells its assets and distributes the proceeds within a twelve-month period to the stockholders who will then have to pay a tax on any gain realized.

The following extracts from the House and Senate Committee Reports disclose the purpose of section 337 and the understanding of Congress that the gain not recognized to the corporation is promptly taxed to the stockholders.

"In order to eliminate questions resulting only from formalities, your committee has provided that if a corporation in process of liquidation sells assets there will be no tax at the corporate level, but any gain realized will be taxed to the distribu-

tee-shareholder, as ordinary income or capital gain depending on the character of the asset sold." [H. Rep. 1337, 83d Cong., 2d Sess., 1954, pp. 38–39.] U.S.Code Cong. & Admin.News 1954, p. 4064.

\* \* \*

"Subsection (a) accordingly permits the imposition of a single tax at the shareholder level upon property sold during the course of a liquidation irrespective of whether the corporation or the shareholder in fact effected the sale provided the other provisions of this subsection are met. \* \* \*" [Id. at pp. A106–107] U.S.Code Cong. & Admin. News 1954, p. 4245.

\* \* \*

"Where the shareholders in fact did not effect the sale, tax is imposed both at the corporate and at the shareholder level. Accordingly, under present law the tax consequences arising from sales made in the course of liquidations may depend primarily upon the formal manner in which the transactions are arranged. Your committee intends in section 337 to provide a definitive rule which will eliminate the present uncertainties. \* \* \*" [S.Rep. 1622, 83d Cong., 2d Sess., 1954, p. 258], U.S. Code Cong. & Admin.News 1954, p. 4896.

Thus, section 337 was intended to eliminate double taxation of gains realized from sales of corporate assets during a period of liquidation, but it is not intended to eliminate entirely the tax on such gains.[6] The fact that the gain

5. The Fourth Circuit, in Commissioner v. Universal Leaf Tobacco Co., 318 F.2d 658 (4th Cir. June 3, 1963), has recently held that gain not recognized by virtue of Section 332 of the 1954 Code is not wholly exempt within the meaning of section 265. In City Bank of Washington v. Commissioner, 38 T.C. 72, The Tax Court followed its decision in the McDonald case, and in Tovrea Land & Cattle Co. v. United States, decided October 1, 1962 (Ariz.), the District Court granted summary judgment without opinion against the Government, following the Ninth Circuit decision in Hawaiian Trust Co. Both of these cases involve gain not recognized in connection with a liquidation under section 337.

6. The Internal Revenue Service has recognized that gain under section 337 is not wholly exempt. Revenue Ruling 56–387, 1956–2 Cum.Bull. 189, deals with the liquidation of an insolvent corporation. A plan was devised to liquidate the corporation within a twelve-month period and distribute the assets to the creditors.

to the shareholders may be measured by a different basis than the gain to the corporation is of no significance. The gain realized when a liquidating corporation sells assets at a profit is promptly passed on to the shareholders and becomes part of the gain which they realize and are taxed upon when they surrender their shares for redemption. The gain taxed to the shareholders is the same gain that would be taxed to the corporation if section 337 did not intervene. To accept the Commissioner's argument that the tax that would be imposed on the corporation but for section 337 and the tax imposed on the shareholders are taxes on different gains would be to repudiate the rationale on which section 337 is founded. If these two taxes are not imposed on the same gain, then there never was any double taxation from which Congress could relieve taxpayers. Congress, of course, recognized the economic reality of the situation that exists when a corporation sells property pursuant to a plan of liquidation. When the corporation liquidates, there is no longer any basis for the traditional imposition of taxes at both the corporate and shareholder levels.[7]

By limiting the benefits to be derived from the elimination of a double tax to those who receive the gain within the twelve-month period, Congress assured the Treasury of its portion of the realized gain, which was to be obtained from the stockholders. To be sure the tax upon the gain is different in theory and different in calculation when imposed at the corporate rather than the stockholder level. However, despite the discrepancy in tax theory and incidence, it is the single gain from the sale of specific property which is involved.

We conclude, therefore, that the gain realized by a corporation from the sale or exchange of property pursuant to a plan of complete liquidation and not recognized by virtue of section 337 is not wholly exempt within the meaning of section 256. This view also comports with the general intendment of Congress that formalities should not determine tax consequences in corporate liquidations. If the taxpayers here had followed the *Cumberland Public Service* route and dissolved the corporation and distributed the property in question to the shareholders for sale, the Louisiana income taxes paid on the gain from the sale would have been deductible. The taxpayers find themselves in their present dilemma only because they followed the course outlined by the Congress in section 337. Were we to adopt the Commissioner's position, we would surely be giving new life to the "trap for the unwary" that Congress sought to eliminate by enacting section 337.

Judgment affirmed.

TUTTLE, Chief Judge (dissenting).

With every deference to the views of my colleagues, and to the Courts of Appeal for the Ninth and Fourth Circuits, I must respectfully dissent.

The critical sentence of the majority opinion with which I differ is: "Thus, section 337 was intended to eliminate double taxation of gains realized from sales of corporate assets during a period of liquidation, but it is not intended to eliminate entirely the tax on such gains."

Prior to the enactment of this section of the Code in 1954, if a corporation commenced negotiations looking toward the sale of its assets prior to its complete

---

The Ruling held that section 337 would not be applicable to the gain on the proposed sale since all the assets would be distributed to creditors and none to shareholders:

"Congress intended through section 337 of the 1954 Code to eliminate the double tax on gains realized from sales of corporate assets during a period of liquidation, but did not intend to eliminate entirely the tax on such gains. Where the

shareholders are to receive nothing in the liquidation in payment for their stock, there is no possibility of a tax to both the corporation and the shareholders *on the gains resulting from the sale*." (Emphasis added.)

7. See Cohen, Golberg, Surrey, Tarleau and Warren, Corporate Liquidations under the Internal Revenue Code of 1954, 55 Colum.L.Rev. 37, 44 (1955).

liquidation, even though the sale was not consummated until after liquidation and the assets were transferred by the stockholders and not the corporation, it had been held in Commissioner v. Court Holding Co., 324 U.S. 331, 65 S.Ct. 707, 89 L.Ed. 981, that the corporation would owe a tax on the gain realized from the sale of the assets. Thereafter, of course, upon the exchange of the remaining assets, including the purchase price of the property thus sold, for the company's stock in liquidation, there would be a tax to the stockholders. There was, thus, a double tax. By the enactment of Section 337, Congress provided that if there was a complete liquidation within twelve months after the adoption of a plan of complete liquidation, a sale of the corporation's property, whether made by the corporation or made by the stockholders, or initiated by the corporation and completed by the stockholders, would not create a tax liability *to the corporation.* Since, of course, by hypothesis, this provision would apply only where there is complete liquidation of the corporation within twelve months, the fact that this sale of the corporation's property would not be taxable to it means, in common parlance, that the gain would be forever and totally exempt from tax. The majority here, and the Court in Hawaiian Trust Co. v. U. S., 9 Cir., 291 F.2d 761, and, more recently, the Court in Commissioner of Internal Revenue v. Universal Leaf Tobacco Co., 4 Cir., 318 F.2d 658, dealing with a different section, seem to base their conclusion largely on the fact that Congress did not, in enacting Section 337, use the word "exempt" that it used in Section 265 denying expense deductions which are allocable to income which is "wholly exempt" from taxation. They point to the language in Section 337 which speaks of the gain from a sale like that made by the taxpayer here as not being "recognized." The thrust of the argument is that since Congress merely said that this gain should not be "recognized" this does not mean that it shall be "forever exempt." It appears to me that the language of Section 337,

using the term "recognized" instead of the word "exempt," is plain. As it relates to the facts of this case the gain is just as exempt under Section 337 as if Congress had used that precise word.

What the other courts and the majority have overlooked, it seems to me, is that in adopting Section 337 Congress realized that in some situations property sold by a liquidating corporation might result in a *loss* as well as in a *gain.* It was the purpose of the lawmakers, as it has frequently been their purpose, to withdraw all tax effect from such a sale, whether the sale results in a *loss or a gain* to the corporation. Obviously, under some circumstances if the sale resulted in a loss and a loss were recognized for tax purposes this would have tax consequences to the corporation of which it might take proper tax advantage.

In order to cover both the possibility of *loss* or *gain,* Congress was required to use a word that would cover both situations. In doing so it selected the language "no *gain* or *loss* shall be recognized." It would simply not have made sense grammatically if Congress had said that "gain or *loss* from the sale or exchange by such corporation shall be wholly exempt from taxation," because such language would not be applicable to a loss under any circumstances. There is no such thing as an exempt loss. The fact is that by making this gain nonrecognizable Congress made it wholly exempt from taxation. It simply used the word that had this effect with respect to a gain but *which also expresses its intent that a loss could not be used if the transaction resulted in loss.* The Court now holds that by using language which would be applicable in case of *either gain or loss,* Congress did not intend to accomplish the obvious result where a gain is involved.

It is my opinion that Congress intended to accomplish exactly what the language stated—that is that this liquidated corporation would never have to pay a tax resulting from the gain it enjoyed from the sale on this property. The fact that this did not place a taxpayer in

the identical position that it would have enjoyed without reference to Section 337 if it had undertaken the negotiation of the sale of the property only after complete liquidation so that it would not have been affected by the Court Holding Company doctrine is completely irrelevant. The income tax paid to the state of Louisiana by the corporation on account of the sale by it of the property here involved is an expense "which is allocable to one or more classes of income * * * wholly exempt from" the federal income tax. It is not, therefore, allowable as a deduction under Section 265.

I would, therefore, reverse the decision of the Tax Court.